## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

JAMES BOLAND, HENRY KRAMER, GERARD )
SCARANO, TIMOTHY DRISCOLL, GERALD )
O'MALLEY, EUGENE GEORGE, ROBERT HOOVER, )
MATTHEW AQUILINE, GREGORY R. HESS, )
WILLIAM MCCONNELL, JOHN TRENDELL, and )
FRED KINATEDER, as Trustees of, and on behalf of, the )
BRICKLAYERS & TROWEL TRADES )
INTERNATIONAL PENSION FUND )
    620 F Street, N.W. )
    Washington, DC  20004 )
    (202) 783-3788, )
     )
  and )
     )
JIM ALLEN, MATTHEW AQUILINE, JAMES )
BOLAND, DON BROWN, TED CHAMP, BRUCE )
DEXTER, TIMOTHY DRISCOLL, EUGENE )
GEORGE, GREGORY R. HESS, ROBERT HOOVER, )
FRED KINATEDER, MARK KING, HENRY )
KRAMER, KEN KUDELA, DAN KWIATKOWSKI, )
WILLIAM MCCONNELL, TIM MILLER, JIM )
O'CONNOR, CHARLES RASO, MARK ROSE, KEVIN )
RYAN, GERARD SCARANO, MICHAEL ) Civil Action No:
SCHMERBECK, JOSEPH SPERANZA, JEREMIAH )
SULLIVAN, JR., RICHARD TOLSON, and JOHN )
TRENDELL, )
as Trustees of, and on behalf of, the )
INTERNATIONAL MASONRY INSTITUTE )
    The James Brice House )
    42 East Street )
    Annapolis, MD  21401 )
    (410) 280-1305, )
     )
            Plaintiffs, )
     )
            v. )
     )
BPW LLC )
    Serve: David L. Watts, Agent for Service of Process )
    32 S Main Street )
    West Alexandria, OH, 45381-1246, )
     )
            Defendant. )
     )

DSMDB-3195667v2

## COMPLAINT

Plaintiffs, by their attorneys, DICKSTEIN SHAPIRO LLP, complaining of the Defendant, allege as follows:

### CAUSE OF ACTION

#### Jurisdiction and Venue

1.      This is an action brought by the fiduciaries of the Bricklayers & Trowel Trades International Pension Fund ("IPF" or "Fund") and the fiduciaries of the International Masonry Institute ("IMI") to enforce the terms of the Plan and Trust Agreements adopted by the IPF and IMI, and the provisions of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). This action arises under the laws of the United States, specifically Sections 502(a)(3), 502(g)(2), and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3), 1132(g)(2), 1145. Pursuant to Sections 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1), jurisdiction is therefore conferred on this Court as to the claims brought on behalf of the IPF and IMI.

2.      The IPF is administered in the District of Columbia, and the IMI is partly administered and managed in the District of Columbia. Venue for the claims asserted in this lawsuit is conferred on this Court pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), which provides:

> (2) Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found.

DSMDB-3195667v2

**Parties**

3.      Plaintiffs, James Boland, Henry Kramer, Gerard Scarano, Timothy Driscoll, Gerald O'Malley, Eugene George, Robert Hoover, Matthew Aquiline, Gregory R. Hess, William McConnell, John Trendell, and Fred Kinateder are Trustees of, and sue on behalf of, the IPF. The IPF is an "employee benefit plan" within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3), and is a "multiemployer plan" within the meaning of Section 3(37) of ERISA, 29 U.S.C. § 1002(37). The IPF trustees, in their respective capacities as fiduciaries, bring this action on behalf of, and for the benefit of, the beneficiaries of the IPF.

4.      Plaintiffs, Jim Allen, Matthew Aquiline, James Boland, Don Brown, Ted Champ, Bruce Dexter, Timothy Driscoll, Eugene George, Gregory R. Hess, Robert Hoover, Fred Kinateder, Mark King, Henry Kramer, Ken Kudela, Dan Kwiatkowski, William McConnell, Tim Miller, Jim O'Connor, Charles Raso, Mark Rose, Kevin Ryan, Gerard Scarano, Michael Schmerbeck, Joseph Speranza, Jeremiah Sullivan, Jr., Richard Tolson, and John Trendell, are Trustees of, and sue on behalf of, the IMI. The IMI is an "employee benefit plan" within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3), and is a "multiemployer plan" within the meaning of Section 3(37) of ERISA, 29 U.S.C. § 1002(37). The IMI trustees, in their respective capacities as fiduciaries, bring this action on behalf of, and for the benefit of, the beneficiaries of the IMI.

5.      The IPF also is authorized to file suit on behalf of the following affiliated Local Bricklayer funds: the Ohio Bricklayers Health & Welfare Fund and the Ohio Bricklayers Pension Fund (referred to hereinafter collectively as "Local Funds"), pursuant to a written Assignment of Claims.

DSMDB-3195667v2

6.     Defendant BPW LLC ("BPW") is, and at all times hereinafter mentioned was, a company maintaining offices and conducting business in the state of Ohio.

**Violation Charged**

7.     Anderson Masonry Company, Inc., ("Anderson Masonry") acting through its authorized agents, representatives, or officers, is bound by execution, consent, or conduct to collective bargaining agreements with the Union, including the agreement annexed hereto as Exhibit A, hereinafter referred to as the "Agreement."

8.     Anderson Masonry employs or has employed members of the International Union of Bricklayers and Allied Craftworkers and its affiliated local unions ("Union").

9.     Pursuant to the Agreement, Anderson Masonry agreed to make certain payments to the IPF, IMI, and Local Funds for each hour of covered work it performed.

10.    Upon information and belief, work covered by the Agreement was performed by Anderson Masonry.

11.    Having submitted some contributions, Anderson Masonry demonstrated an awareness of the obligation to make those payments.

12.    Upon information and belief, Defendant BPW is the alter ego of, and/or successor company to, Anderson Masonry in that, inter alia, the companies share common ownership or management, have the same or similar employees, have the same or similar customers, perform the same types of work, share the same equipment, street address, and fax number, and have interlocking and common officers. Accordingly, BPW is bound to the Agreement and liable for the actions, debts, and obligations of Anderson Masonry, including, but not limited to, all obligations under the Agreement.

DSMDB-3195667v2

13.     An examination of the books of Anderson Masonry ("audit") performed by the independent accounting firm of Willis & Hecker CPA's, LLP covering July 2008 through June 2011 for the IPF and IMI, and covering January 2010 through June 2011 for the Local Funds, revealed that Anderson Masonry failed to properly submit required reports and contributions for covered work performed during January 2010 through June 2011, and/or paid contributions after the Due Date the contributions were due for such work performed.

14.     In addition, Anderson Masonry submitted a remittance report to the IPF for work performed in December 2011, but failed to submit related contributions.  Accordingly, the IPF has prepared a Recap of contributions due by Defendant, based on the report of work performed in December 2011.

15.     Defendant owes the IPF, IMI, and Local Funds a total of $28,235.48 in contributions as determined by the audit (covering July 2008 through June 2011 for the IPF and IMI, and covering January 2010 through June 2011 for the Local Funds) and as determined by the IPF Recap (covering December 2011).

16.     Under the terms of the Plan and Trust Agreements adopted by the IPF and IMI, and under ERISA, interest in the amount of $11,416.45, calculated at the rate of 15 percent per annum from the Due Date through September 30, 2013, has been assessed on such delinquent contributions found due the IPF and IMI as determined by the audit and IPF Recap.

17.     In addition, under the terms of the Plan and Trust Agreements adopted by the IPF, IMI, and Local Funds, and under ERISA, the amount of $27,661.36, representing the sum of (1) additional interest in the amount of $11,416.45 (calculated at the rate of 15 percent per annum from the Due Date through September 30, 2013 on the delinquent contributions due the IPF and IMI), and (2) liquidated damages in the amount of $16,244.91 (calculated at the rate of

DSMDB-3195667v2

10 percent of the delinquent contributions due the Local Funds), has been assessed on such delinquent contributions found due the IPF, IMI and Local Funds as determined by the audit and/or IPF Recap and on contributions paid after the Due Date to the Local Funds.

18.    Plaintiffs have brought this action in faithful performance of the fiduciary duties imposed upon them under Section 404(a)(1) of ERISA, 29 U.S.C. § 1104(a)(1).  Plaintiffs have been, and are, incurring attorney's fees as a direct result of Defendant's failure to make contributions in accordance with the terms and conditions of the Agreement.

WHEREFORE, Plaintiffs pray for preliminary and permanent injunctive relief and judgment against Defendant as follows:

1.    For an amount not less than the total known amount due of $69,463.29 which is constituted as follows:

a.    For unpaid contributions in the amount of $28,235.48 payable to the IPF, IMI, and Local Funds, plus any and all additional amounts that accrue and/or are found to be due and owing through the date of judgment including any and all contributions and related damages owed for covered work performed by Anderson Masonry and/or BPW (ERISA Section 502(g)(2)(A), 29 U.S.C. § 1132(g)(2)(A); the Collection Procedures of the Central Collection Unit of the Bricklayers and Allied Craftworkers ("Collection Procedures"));

b.    For interest in the amount of $11,416.45, calculated at the rate of 15 percent per annum from the Due Date through September 30, 2013 assessed on such delinquent contributions found due the IPF and IMI by the audit and IPF Recap (ERISA Section 502(g)(2)(B), 29 U.S.C. § 1132(g)(2)(B); Collection Procedures);

DSMDB-3195667v2

c.    For an additional amount of $27,661.36, representing the sum of (1) additional interest in the amount of $11,416.45 (calculated at the rate of 15 percent per annum from the Due Date through September 30, 2013 on the delinquent contributions payable to the IPF and IMI); and (2) liquidated damages in the amount of $16,244.91 (calculated at the rate of 10 percent on the delinquent contributions payable to the Local Funds), assessed on such delinquent contributions found due the IPF, IMI, and Local Funds by the audit and/or the IPF Recap and on contributions paid after the Due Date to the Local Funds (ERISA Section 502(g)(2)(C); Collection Procedures);

d.    For the costs of filing this action in the amount of $400.00 (ERISA Section 502(g)(2)(D), 29 U.S.C. § 1132(g)(2)(D)); and

e.    For the costs of conducting the audit in the amount of $1,750.00 (ERISA Section 502(g)(2)(D), 29 U.S.C. § 1132(g)(2)(D)).

2.    For an order declaring that BPW is the alter ego of and/or the successor company to Anderson Masonry, bound to the Agreement, and liable for Anderson Masonry's actions, obligations and debts.

3.    In the amount of Five Thousand Dollars ($5,000.00), and such additional amounts as may be incurred, representing attorney's fees and costs of this action (ERISA Section 502(g)(2)(D), 29 U.S.C. § 1132(g)(2)(D)).

4.    That Defendant be directed to comply with its obligations to submit all required reports and to make all contributions due and owing to the IPF, IMI, and Local Funds and to pay the costs and disbursements of this action.

DSMDB-3195667v2

5.     Such other and further relief as this Court deems appropriate, including judgment

for any and all contributions and interest thereon that may accrue, and/or be found due and

owing, subsequent to the filing of this Complaint, as well as any resulting statutory damages

thereon under ERISA.


Dated: October 28 , 2013           By:_____
                                   Charles V. Mehler III, DC Bar No. 475909
                                   Ira R. Mitzner, DC Bar No. 184564
                                   DICKSTEIN SHAPIRO LLP
                                   1825 Eye Street NW
                                   Washington, DC  20006
                                   (202) 420-2200

                                   *Attorneys for Plaintiffs*

DSMDB-3195667v2